FILED
CLERK, U.S. DISTRICT COURT
JUL - 8 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

LAURIE SHEPARD,

    Plaintiff,

vs.

BAHRAM MANESHI, et al.,

    Defendants.

CASE NO. CV 14-4933

ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION

    The Court remands this unlawful detainer action to state court summarily because defendant removed it improperly.

    Having been sued in what appears to be a routine unlawful detainer action in California state court, defendant lodged a Notice of Removal of that action to this Court and also presented an application to proceed without prepayment of the filing fee. The Court denied the latter application in a separate order because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this order to remand the action to state court.

    Plaintiff could not have brought this action in federal court in the first place, and defendant does not competently allege facts supplying either diversity or federal-question jurisdiction. See 28 U.S.C. § 1441(a). Therefore, defendant has not met his or her burden to establish that removal is proper. See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 8-10 (1983);

Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-1043 (9th Cir. 2009).

Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-1043 (9th Cir. 2009).

Defendant is cautioned that any subsequent attempts to remove the underlying state unlawful detainer action to this Court will be improper and will constitute vexatious conduct for which the Court may impose sanctions, potentially including designating defendant as a vexatious litigant and barring him or her from commencing any further removal actions with respect to the underlying state unlawful detainer action.

Accordingly, this case is **remanded** to the Superior Court of California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). The Clerk is directed to send a certified copy of this order to the state court and to serve copies of this order on the parties.

**IT IS SO ORDERED.**

DATED: 7/6, 2014

GEORGE H. KING
CHIEF DISTRICT JUDGE